UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOSE BASTIDAS BASTIDAS (A# 244-807-049),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX,<br><br>Respondent. | No. 1:26-cv-07929 DC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen and national of Venezuela who is currently detained at the Central Valley Annex within this judicial district. ECF No. 1 at 1, ¶ 1. On August 11, 2026, District Judge Coggins granted Petitioner's first immigration habeas petition on its sole due process claim and ordered Respondents to provide him with "a bond hearing before an immigration judge at which the government shall bear the burden of providing, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified." Bastidas v. Warden of the Central Valley Annex Detention

Facility, et al., No. 1:26-cv-06099 DC SCR, ECF No. 9 (E.D. Cal., Aug. 11, 2026) (Bastidas I). The action was closed with judgment in Petitioner's favor. Id., ECF No. 10. At the court-ordered hearing on August 25, 2026, an immigration judge ("IJ") determined that Petitioner posed a risk of danger and flight and denied bond. ECF No. 8 at 4-8.

Petitioner filed the instant, second petition on September 29, 2026. ECF No. 1. Petitioner argues that his continued detention without bond violates 8 U.S.C. § 1226(a) (Count One) and the Due Process Clause of the Fifth Amendment (Count Two). Id. at 2-3. Petitioner seeks immediate release or, in the alternative, a bond hearing before an IJ pursuant to § 1226(a). Id. at 3. Respondent filed a motion to dismiss the petition as successive pursuant to 8 U.S.C. § 2244. ECF No. 8. Respondent argues that the petition raises similar claims and requests the same kind of relief as Bastidas I and notes that Petitioner "makes no mention of his prior habeas relief, or that he received a bond hearing." Id. at 2. In the alternative, Respondent argues the petition is moot because Petitioner has received his requested relief in Bastidas I. Id. at 3.

**II. Analysis**

The undersigned begins with Respondents' motion to dismiss pursuant to 8 U.S.C. § 2244. As an initial matter, the Ninth Circuit has held that "§ 2244(a) cannot apply to a § 2241 petition filed by an [immigration] detainee . . . because § 2244(a) bars successive petitions seeking review of the propriety of a detention '*pursuant to a judgment of a court of the United States.*'" Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) (emphasis in original). As a result, judges within the Circuit have rejected § 2244 as a basis for dismissing a successive immigration habeas petition.[1] See Reyes v. Warden of California City Det. Ctr., No. 1:26-CV-03747-DAD-AC, 2026 WL 1457377, at *1 (E.D. Cal. May 22, 2026) (finding § 2244's statutory

[1] None of the cases Respondent cites are persuasive because they involve § 2241 challenges to detention ordered by state or federal courts. See, e.g., Tate v. Borla, No. 1:25-CV-01704 JLT SKO (HC), 2025 WL 3769421, at *1 (E.D. Cal. Dec. 31, 2025) (dismissing the petitioner's successive § 2241 challenge to his state court murder conviction). Respondent also cites for support Del Raine v. Adams, 58 F. App'x 762 (9th Cir. 2003) (unpublished). But there, the Ninth Circuit recognized its holding in Barapind that "the gatekeeping provisions of § 2244 did not apply to an [immigration] detainee who filed a § 2241 petition since detention challenged was not pursuant to a judgment of a court of the United States." Del Raine, 58 F. App'x at 762-63.

bar against successive habeas petitions did not apply to the petitioner's immigration detention); Quintanilla v. Hernandez, No. 2:26-CV-01629-TMC, 2026 WL 1827541, at *3 (W.D. Wash. June 25, 2026) (same).

Nevertheless, the Ninth Circuit has held that the common law doctrine of abuse of the writ may serve as a bar to successive habeas petitions filed pursuant to § 2241. See Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011). "The doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" Alaimalo, 645 F.3d at 1049 (9th Cir. 2011) (quoting Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 538 (9th Cir. 1998) (en banc), overruled in part on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003)). "Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." Id.

The petition is plainly subject to dismissal pursuant to the common law doctrine of abuse of the writ. Petitioner alleges that his ongoing detention without bond violates § 1226(a) and the Due Process Clause. The petition in Bastidas I, albeit set forth on a different template, raised a single, identical due process claim. See Bastidas I, ECF No. 1 at 17, ¶ 49 ("Petitioner's ongoing prolonged detention without a hearing violates due process."). Accordingly, the undersigned finds that Petitioner has raised the same grounds for relief as in his prior petition. Moreover, the record shows that Petitioner received a due process remedy for his claims in the form of the court-ordered bond hearing with a heightened burden of proof.[2] Therefore, Petitioner has not demonstrated cause for bringing a successive petition or that a fundamental miscarriage of justice would result from failing to entertain his claim. See Reyes, 2026 WL 1457377, at *1 (dismissing petition pursuant to the common law doctrine of abuse of writ where "petitioner was previously granted habeas relief in the form of a substantive bond hearing being ordered and the case was

[2] In Bastidas I, Judge Coggins expressly found that due process did not require a pre-deprivation remedy. ECF No. 9 at 3 (finding that Petitioner's assault conviction provided a non-pretextual change of circumstance warranting revocation of his prior release).

closed.”).

For these reasons, the undersigned finds that the petition is impermissibly successive and recommends that it be dismissed without prejudice. The undersigned notes that because the petition does not mention the court-ordered bond hearing at all, there are no facts from which the unsigned can liberally construe its allegations as challenging the IJ’s decision. Petitioner may request judicial review of the August 25, 2026, bond hearing in a separate habeas petition. See Martinez v. Clark, 24 F. 4th 775, 780 (9th Cir. 2024) (laying out legal framework for review of IJ bond determinations).

**CONCLUSION**

Accordingly, IT IS HERBEY RECOMMENDED that:

1. Respondent’s motion to dismiss (ECF No. 15) be GRANTED;

2. Petitioner’s petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice; and

3. Petitioner’s motion for temporary restraining order (ECF No. 2) and motion for expedited consideration (ECF No. 3) be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 2, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE